**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1329-24

HAYLIE SENAPE,

    Plaintiff-Appellant,

v.

SOUTH AMBOY HIGH MIDDLE
SCHOOL, SOUTH AMBOY PUBLIC
SCHOOLS, COUNTY OF MIDDLESEX,
NEW JERSEY DEPARTMENT OF
EDUCATION, and STATE OF
NEW JERSEY,

    Defendants-Respondents,

and

CITY OF SOUTH AMBOY,
MIDDLESEX COUNTY OFFICE
OF EDUCATION, and MADELINE
RONDON,

    Defendants.

_____

Argued November 18, 2025 – Decided December 5, 2025

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6378-24.

Fredrick L. Rubenstein argued the cause for appellant (Law Office of Shah & Rubenstein, LLC, attorneys; Fredrick L. Rubenstein, on the brief).

Sarah K. Delahant argued the cause for respondent South Amboy Board of Education (Methfessel & Werbel, attorneys; William S. Bloom, on the brief).

Louis A. Felicetta argued the cause for respondent County of Middlesex (OlenderFeldman LLP, attorneys; Louis A. Felicetta, of counsel and on the brief; Joseph T. Chletsos, on the brief).

Elizabeth Merrill argued the cause for respondent New Jersey Department of Education and State of New Jersey (Matthew J. Platkin, Attorney General, attorney; Christopher Weber, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Haylie Senape appeals from a December 6, 2024 Law Division order denying her motion for leave to file a late notice of tort claim (NOTC) under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3, against defendants South Amboy High Middle School (SAHMS), South Amboy Public Schools, City of South Amboy, Middlesex County Office of Education, County of Middlesex, New Jersey Department of Education, State of New Jersey, and

Madeline Rondon (collectively, defendants). Because plaintiff did not demonstrate extraordinary circumstances excused her belated filing, we affirm.

In her certification supporting the November 11, 2024 motion, plaintiff offered three reasons for her failure to file a timely NOTC.

Initially, plaintiff asserted around January 4, 2024, she learned from a friend, with whom she had not spoken for more than one year, that Rondon, SAHMS's counselor, told the friend plaintiff "had been sexually assaulted" and "was taking medication and was a zombie," and "he should avoid being [plaintiff's] friend any further." Plaintiff also certified, after her friend's disclosure, "[she] began to experience depression, [her] anxiety became worse and [she] became introverted and would spend [her] time alone."

As a second reason for her late filing, plaintiff stated a June 27, 2024 "motor vehicle accident . . . required [her] to go to the hospital on multiple occasions and attend physical therapy sessions."

Finally, plaintiff alleged "during this time frame [her] already tenuous relationship with [her] mother became worse forcing [her] to stay with a friend."

In her accompanying NOTC, plaintiff stated she sustained permanent injuries as a result of defendants' "egregious violation of her privacy rights." No other exhibits were annexed to plaintiff's certification.

During oral argument on the motion, plaintiff's counsel noted his client "was not even twenty years old" at the time of her friend's disclosure. Citing plaintiff's certification, plaintiff's counsel contended "her pre-existing emotional issues" were "exacerbate[d]" by the disclosure. Plaintiff's attorney therefore argued plaintiff was unable to retain counsel within the TCA's ninety-day period.

Immediately following arguments, Judge Bina K. Desai issued a cogent oral decision, squarely addressing the issues raised in view of the governing legal principles. Finding the accrual date of plaintiff's claims was January 4, 2024, and her NOTC was not filed by April 3, 2024, the judge correctly recognized plaintiff was required to demonstrate exceptional circumstances in support of her motion. Although the judge found defendants would not be substantially prejudiced by plaintiff's late NOTC, the judge accurately observed, because plaintiff failed to prove exceptional circumstances excused her tardy notice, the judge need not consider "the prejudice prong in this particular situation."

Addressing the three reasons for delay asserted in plaintiff's certification, and further considering plaintiff's age, the judge found plaintiff failed to provide sufficient detail regarding her alleged anxiety and depression. Citing our

4

Supreme Court's decision in <u>D.D. v. University of Medicine & Dentistry of New Jersey</u>, 213 N.J. 130, 150 (2013), the judge was not convinced plaintiff met the "exacting standard" required to demonstrate "the severity of the medical condition and the consequential impact on the claimant's very ability to pursue redress and attend to the filing of a claim."

Turning to plaintiff's motor vehicle accident, the judge found the incident "actually occurred after the initial ninety days had accrued and so that would not provide any justification as to why the accident contributed to the failure to file the timely claim in ninety days."

Finally, the judge considered plaintiff's "relationship with her mother, including perhaps being displaced from her home." The judge found plaintiff failed to "identify any timeline as to whether or not that occurred within the initial ninety days and how, if any way, that impacted . . . or prevented her ability from filing a notice timely."

On appeal, plaintiff argues the motion judge erroneously determined she failed to demonstrate exceptional circumstances excusing her belated NOTC. Reiterating the reasons asserted in her certification, plaintiff argues defendants would not be prejudiced by her late notice. Plaintiff contends the denial of her

motion permitted defendants to avoid responsibility for Rondon's "heinous actions."

Well-established principles guide our review. "Pursuant to the express terms of the [TCA], we review a trial court's application of the extraordinary circumstances exception for abuse of discretion." O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019); see also N.J.S.A. 59:8-9. Nonetheless, we will overturn the trial court's conclusions "if they were reached under a misconception of the law." D.D., 213 N.J. at 147. A trial court's legal determinations are reviewed de novo. See Jones v. Morey's Pier, Inc., 230 N.J. 142, 153 (2017).

Under the TCA, an NOTC must be served within ninety days of the accrual of the claimant's cause of action. N.J.S.A. 59:8-8; H.C. Equities, LP v. Cty. of Union, 247 N.J. 366, 370 (2021). A claimant may seek leave to serve a late NOTC within one year of the claim's accrual. N.J.S.A. 59:8-9; H.C. Equities, 247 N.J. at 370. The application must "be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his [or her] failure to file notice of claim within the period of time prescribed by [the TCA]." N.J.S.A. 59:8-9. A trial court may grant the motion if there are "'sufficient reasons

constituting extraordinary circumstances' for the claimant's failure to timely file" an NOTC within the statutory ninety-day period, and if "the public entity [or public employee is not] 'substantially prejudiced' thereby." McDade v. Siazon, 208 N.J. 463, 477 (2011) (quoting N.J.S.A. 59:8-9).

Determining "extraordinary circumstances" and "substantial prejudice" requires a "trial court to conduct a fact-sensitive analysis of the specific case." Id. at 478. Relevant here, the Legislature intended the "extraordinary circumstances" requirement to be a demanding standard. See D.D., 213 N.J. at 148. When analyzing the facts, a court must determine how the evidence relates to the claimant's circumstances during the ninety-day period. Id. at 151.

As Judge Desai correctly observed, our Supreme Court has held medical conditions can only satisfy the extraordinary circumstances standard if they are "severe or debilitating" and have a "consequential impact on the claimant's very ability to pursue redress and attend to the filing of a claim." D.D., 213 N.J. at 149-50; see also Mendez v. So. Jersey Transp. Auth., 416 N.J. Super. 525, 533-35 (App. Div. 2010) (recognizing the plaintiff's injuries and memory loss sustained in a car accident requiring weeks of hospitalization qualified as an extraordinary circumstance); Maher v. Cnty. of Mercer, 384 N.J. super. 182, 189-90 (App. Div. 2006) (holding the medical condition of a cook, who

contracted a severe staph infection requiring treatment by an induced coma, constituted an extraordinary circumstance).

However, not all medical conditions meet the extraordinary circumstances standard to justify filing a late tort-claim notice. In D.D., the plaintiff claimed she suffered from shock, stress, anxiety, fatigue, depression, the inability to perform as a public speaker, and overall deterioration of her physical and mental health resulting from the defendant's disclosure of her confidential health information in a press release. 213 N.J. at 137-39. The Court nonetheless concluded "there [was] no evidence that these complaints were of sufficient immediate concern to her or were so significant in nature that she sought medical care to address them." Id. at 150. The Court stated the record lacked "evidence . . . that plaintiff was prevented from acting to pursue her complaint or that her ability to do so was in any way impeded by her medical or emotional state." Id. at 151.

In O'Neill v. City of Newark, the plaintiff police officer was shot in the leg while on duty. 304 N.J. Super. 543, 546 (App. Div. 1997). He was hospitalized, underwent surgery, and was confined to his home for several months, except for medical appointments. Id. at 546-47. The plaintiff contacted an attorney after the ninety-day period expired and sought to file a late notice of

claim. Id. at 548-49. We upheld the denial of his motion for leave to file a late NOTC, concluding his injuries and home confinement did not constitute extraordinary circumstances under the TCA. Id. at 554. We noted the evidence in the record demonstrated the plaintiff "was able to leave his home, as evidenced by his trips to various doctors." Ibid.

Having considered plaintiff's reprised contentions in view of these controlling legal principles, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge Desai in her well-reasoned decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division